NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KIRILL DELENDRA, | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 2:13-cv-00432 (DMC) (JBC) |
| MARINE TRANSPORT LOGISTIC INC. et al, | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Motion of Plaintiff/Counterclaim Defendant Kirill Delendra ("Delendra" or "Plaintiff") to Dismiss the Counterclaim of Defendant/Counterclaim Plaintiff World Express & Connection ("WEC" or "Defendant") pursuant to FED. R. CIV. P. 12(b)(1) and FED. R. CIV. P. 12(b)(6). (Pl.'s Mot. to Dismiss Countercl., Feb. 28, 2013, ECF No. 8). Pursuant to FED. R. CIV. P. 78, no oral argument was heard. Based on the following and for the reasons expressed herein, Plaintiff's Motion to Dismiss Defendant's Counterclaim is **granted**.

I. **BACKGROUND**[1]

WEC operates transportation and logistics companies in Bayonne, New Jersey. Delendra was employed by WEC to provide security services from approximately May 30, 2011 through

---

[1] The facts set forth in this Opinion are taken from the parties' respective pleadings and moving papers.

April 25, 2012. On January 22, 2013, Delendra filed this suit against four defendants, his former employers, including WEC, alleging that they failed to compensate him properly, in violation of the Fair Labor Standards Act ("FLSA"), the New Jersey Wage Payment Law ("NJWPL"), New Jersey Wage & Hour Law ("NJWHL"), and common law. (Compl. ¶¶ 51-96, Jan. 22, 2013, ECF No. 1). On February 7, 2013, the defendants filed their answer. As part of that response, WEC asserted a counterclaim against Delendra for breach of contract seeking damages incurred as a result of Delendra's failure to perform his contractual duties. (Countercl. ¶¶ 5-12, Feb. 7, 2013, ECF No. 7). Specifically, WEC's counterclaim seeks damages to cover the cost of lost smart keys and damage to vehicles that allegedly occurred during Delendra's employment.

Delendra argues that this Court should dismiss WEC's counterclaim pursuant to FED. R. CIV. P. 12(b)(1) for lack of subject matter jurisdiction. According to Delendra, this Court cannot exercise supplemental jurisdiction over WEC's counterclaim pursuant to Third Circuit precedent, or in the alternative, should decline to do so under 28 U.S.C. § 1367(c). If the Court does determine jurisdiction is proper, Delendra argues dismissal is appropriate pursuant to FED. R. CIV. P. 12(b)(6) because the counterclaim is a factually insufficient, threadbare recital of a cause of action that fails to adequately state a claim upon which relief can be granted. In response, WEC asserts that the necessary factual nexus exists between Delendra's complaint and WEC's counterclaim to permit jurisdiction because both address issues related to Plaintiff's compensation. WEC also argues that its pleading put Delendra on sufficient notice of the nature and basis of the counterclaim and therefore it should not be dismissed under Rule 12(b)(6).

## II. STANDARD OF REVIEW

FED. R. CIV. P. 12(b)(1) provides for dismissal of an action based on lack of subject

2

matter jurisdiction. On a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden to show the court has the requisite jurisdiction to hear the case. See, e.g., Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005); Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). In adjudicating a 12(b)(1) motion, the court may not presume that the plaintiff's allegations are true, but instead, must conduct an evaluation of the merits of the jurisdictional claims. See e.g. Hedges, 404 F.3d at 750; Mortensen, 549 F.2d at 891. "Accordingly, unlike a Rule 12(b)(6) motion, consideration of a Rule 12(b)(1) jurisdiction-type motion need not be limited; conflicting written and oral evidence may be considered and a court may decide for itself the factual issues which determine jurisdiction." Martinez v. U.S. Post Office, 875 F.Supp. 1067, 1070 (D.N.J. 1995) (citing Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir.) Cert. denied, 454 U.S. 897 (1981)). When a federal court concludes that it lacks subject matter jurisdiction, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. V. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) (quoting Ex parte McCardle, 74 U.S. 506 (1869).

### III. DISCUSSION

WEC cites 28 U.S.C. § 1367 as the jurisdictional basis for its counterclaim and thereby seeks to have this Court exercise supplemental jurisdiction. Under 28 U.S.C. § 1367, a federal court has jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." This statute codified the test articulated by the United States Supreme Court in United Mine Workers v. Gibbs, 383 U.S. 715 (1966), which ruled that in order for a federal court to exercise supplemental jurisdiction, "[t]he state and federal claims must

3

derive from a common nucleus of operative fact." To establish whether such a "common nucleus" exists, the Third Circuit requires that district courts engage in a "fact sensitive" inquiry and only exercise supplemental jurisdiction if the federal and state claims "are merely alternative theories of recovery based on the same acts." Lyon v. Whisman, 45 F.3d 758, 760-61 (3d Cir. 1995) (quoting Lentino v. Fringe Employee Plans, Inc., 611 F.2d 474, 479 (3d Cir. 1979)).

Plaintiff argues that WEC's counterclaim fails this narrow test. Plaintiff's claims stem from defendants' alleged failure to properly pay him the minimum wage for all hours worked. WEC's counterclaim involves allegations that Delendra breached his contractual obligations to WEC by damaging vessels and losing keys, thereby causing WEC to suffer damages. Plaintiff asserts that the only connection between Delendra's claims and WEC's counterclaim is that they both arose during the course of Delendra's employment with WEC. Plaintiff offers Third Circuit precedential support to show that this employment relationship alone is insufficient to satisfy the requirement that the claims arise from a common nucleus of operative fact.

In Lyon, the Third Circuit Court of Appeals rejected the notion that the general employer-employee relationship is sufficient to confer supplemental jurisdiction over state claims in a FLSA case. 45 F.3d at 762-63. The Third Circuit also declared that courts should employ a heightened scrutiny when exercising supplemental jurisdiction in cases dealing with a "rather narrow and specialized federal statute" such as the FLSA. Id. at 764. The Court finds that Lyon is dispositive here.

Plaintiff's federal and state wage and hour claims involve an inquiry into the hours he worked and the wages he received. Defendant's breach of contract counterclaim raises an entirely different set of issues, such as the terms of the alleged contract; the

4

extent and cause of the vessel damage; how the keys were lost; and Plaintiff's responsibility for any damage or loss. The Court agrees with Plaintiff's assertion that this would require different evidence and different proofs, with "little overlap between the evidence" relevant to the FLSA claims. Lyon, 45 F.3d at 763.

WEC asserts that its counterclaim and Plaintiff's claims are inexorably intertwined because they both involve a review of Plaintiff's compensation package. The Court finds that this asserted connection is too broad to sustain supplemental jurisdiction. Conferring supplemental jurisdiction to a counterclaim because it also relates to "compensation" is on par with granting supplementary jurisdiction on the basis of an employee-employer relationship alone. The Third Circuit rejected such a broad basis for supplemental jurisdiction in Lyon, requiring a narrow and fact-specific inquiry. Given that WEC has failed to show a sufficient "factual nexus" between its counterclaim and Delendra's FLSA claims, the Court holds it cannot exercise supplemental jurisdiction under 28 U.S.C. § 1367. Since this Court finds it does not have jurisdiction over the counterclaim, it must be dismissed.

## IV. **CONCLUSION**

For the foregoing reasons, Delendra's Motion to Dismiss WEC's Counterclaim, pursuant to FED. R. CIV. P. 12(b)(1) is **granted**.

Dennis M. Cavanaugh, U.S.D.J.

Original: Clerk's Office
cc: All Counsel of Record
The Honorable James B. Clark, U.S.M.J.
File